IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-00227-REB-BNB

JACK J. GRYNBERG, and
PRICASPIAN DEVELOPMENT CORPORATION, a Texas corporation,

Plaintiffs,

v.

FLORIAN HOMM, individually and as agent for Hunter World Markets, Inc.
HUNTER WORLD MARKETS, INC., a California corporation, and
TODD M. FICETO, individually and as agent for Hunter World Markets, Inc.,

Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

**Blackburn, J.**

The matter before me is **Plaintiff's Motion To Remand Action to State Court** [#9], filed February 27, 2008. I deny the motion.

Plaintiff originally filed this action in the District Court of the City and County of Denver, Colorado, on January 3, 2008. On January 4, 2008, plaintiff purported to serve all three defendants at the offices of Hunter World Markets, Inc. ("HWM"), in Los Angeles County, California. On February 1, 2008, HWM and its president, defendant Todd Ficeto, removed the case to this court. The notice of removal acknowledged that defendant Florian Homm did not join in that removal, asserting that he had not been served. Plaintiff now insists that Homm, in fact, was properly served and that, therefore, his failure to join in the petition renders the removal defective. *See* 28 U.S.C. § 1446(a); ***Utz v. John Alden Life Ins. Co.***, 1991 WL 117282 at *2 (D. Colo.

June 27, 1991) (citing **Cohen v. Hoard**, 696 F.Supp. 564, 565 (D. Kan. 1988)).

I disagree. Plaintiff's complaint alleges that Homm "is a German National domiciled in Majorca, Spain." Therefore, and contrary to the parties' arguments regarding whether Homm was properly served pursuant to Fed.R.Civ.P. 4(e)(1), the apposite rule governing service of process is Fed.R.Civ.P. 4(f). Rule 4(f) provides for service of process on individuals in foreign countries pursuant to "any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," unless the defendant has waived service thereunder. **FED.R.CIV.P.** 4(f)(1).[1] Plaintiff has made no showing that Homm was properly served under Rule 4(f)(1). **See Norsyn, Inc. v. Bank of India**, 2007 WL 840497 at * 4 (D. Colo. March 19, 2007) ("Plaintiff bears the burden of proving that service was properly effectuated.").[2] Therefore, the fact that he was not included in the notice of removal does not warrant remand.

---

[1] Both Germany and Spain are signatories to the Hague Convention, as is the United States. **See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.**, 988 F.2d 476, 490 (3rd Cir. 1993) (Spain and United States); **In re Chinin USA, Inc.**, 327 B.R. 325, 331 (Bankr. N.D. Ill. 2005) (Germany and United States)

[2] Nor is the process server's notation representation that he left a copy of the complaint and summons with Ficeto "designated to receive service for [Homm]" sufficient, in the face of Ficeto's express averment that he has no authority to accept service on behalf of Homm, to show proper service (assuming *arguendo* that such service would be proper under the Hague Convention).

Moreover, the fact that Homm may have been aware of the complaint does not relieve plaintiff of the burden of effectuating proper service. Plaintiff apparently failed to Shepherdize his allegedly contrary case citation, *see* **Schwartz v. FHP International Corp.**, 947 F.Supp. 1354 (D. Ariz. 1996), the holding of which was overruled nearly a decade ago by the Supreme Court's decision in **Murphy Brothers v. Michetti Pipe Stringing, Inc.**, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). **See Cahcet Residential Builders, Inc. v. Gemini Insurance Co.**, 2007 WL 4357751 at *2-3 (D. Ariz., Dec. 11, 2007) (recognizing that **Murphy Brothers** undermined the district court's earlier decision in **Schwartz**).

2

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion To Remand Action to State Court** [#9], filed February 27, 2008, is **DENIED**; and

2. That plaintiff **SHALL FILE** his response to the **Motion by Defendants Todd M. Ficeto and Hunter World Markets, Inc. To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2) and 12(b)(6)** [#6], filed February 21, 2008, on or before **Monday, April 21, 2008**, as contemplated by my prior **Minute Order** [#12], filed February 28, 2008.

Dated April 9, 2008, at Denver, Colorado.

                                         **BY THE COURT:**

                                         **s/ Robert E. Blackburn**
                                         **Robert E. Blackburn**
                                         **United States District Judge**